## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LYONS,                          :        Civil No. 3:25-cv-993
                                        :
            Plaintiff                   :        (Judge Mariani)
                                        :
    v.                                  :
                                        :
MARK ABEIL, *et al.*,                   :
                                        :
            Defendants                  :

### MEMORANDUM

Plaintiff Michael Lyons ("Lyons"), a former inmate confined, at all relevant times, at the State Correctional Institution, Dallas, Pennsylvania ("SCI-Dallas"), initiated this action pursuant to 42 U.S.C. § 1983, against Nurse Mark Abeil, Counselor T. Zoltewiscz, Parole Agent M. Dilitz, Correctional Officer Rasheed, Correctional Officer Bird, and Wellpath Medical. (Doc. 1). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the following reasons, the Court will dismiss Lyons' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and grant him leave to file an amended complaint.

### I.    Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Lyons proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    The Complaint

Lyons asserts that the events giving rise to his claims occurred at SCI-Dallas on October 3, 2023, October 18, 2023, October 24, 2023, October 31, 2023, November 7, 2023, November 17, 2023, March 12, 2024, and April 1, 2025. (Doc. 1, at 4). Lyons alleges that, on October 3, 2023, he was treated in the medical department for issues with his right

4

foot "that has metal, screws and [calluses]." (*Id* at 5).  Lyons alleges that Defendant Abeil

failed to treat him on that date.  (*Id.*).  He further alleges that, on October 31, 2023,

Defendant Abeil confiscated his medical boot and placed him in a "state boot."  (*Id.*).  Lyons

asserts that he was again treated in the medical department for his right foot on October 23,

2023 and October 24, 2023.  (*Id.*).  He claims that Defendant Abeil denied treatment on

October 24, 2023, November 7, 2023, November 17, 2023, and November 21, 2023.  (*Id.*).

Lyons alleges that Defendant Zoltewiscz "should not be working as a counselor or in

the state correction institute due to foul mouth[,] ignorance towards people, discussing

inmates['] charges…[and] also violating state trust & confidentiality agreement."  (*Id.* at 7).

Lyons also alleges that Defendant Dilitz "intentionally withheld paperwork from the

parole board."  (*Id.*).

The complaint does not set forth any factual allegations against C.O. Rasheed, C.O.

Bird, and Wellpath.  (*See* Doc. 1).

Lyons requests that Defendants Abeil, Dilitz, and Zoltewiscz be disciplined and fired

from their jobs.  (Doc. 1, at 6).  He also seeks monetary relief.  (*Id.*).

## III.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of

action for violations of federal law by state officials.  42 U.S.C. § 1983.  The statute provides,

in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.    Claims Against C.O. Rasheed, C.O. Bird, and Wellpath

The complaint does not specify what role, if any, C.O. Rasheed and C.O. Bird played in the alleged denial of Lyons' rights.  Under the most liberal construction, Lyons' complaint fails to state a claim for relief against C.O. Rasheed and C.O. Bird.  The complaint names C.O. Rasheed and C.O. Bird as Defendants in this action but fails to allege any personal involvement and fails to set forth any factual averments that identify how they were involved in the alleged wrongdoing.  (*See generally* Doc. 1).  Based upon the above legal standards, it is clear that any claims against C.O. Rasheed an C.O. Bird are subject to dismissal based on Lyons' failure to set forth any factual allegations against them.  Without such factual allegations, it is impossible to conclude that C.O. Rasheed and C.O. Bird deprived Lyons of his constitutional rights.  *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir.

6

2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

Moreover, with respect to Wellpath, a private company providing prison health services "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. Department of Social Services*, 436 U.S. 691 (1978)). Instead, a plaintiff must plead the elements of a *Monell* claim, which may proceed in two different ways. *See, e.g.*, *Estate of Roman v. City of Newark*, 914 F.3d 789, 798-99 (3d Cir. 2019) (describing the two types of municipal liability).

First, a plaintiff could allege facts showing that there is a relevant policy or custom adopted by Wellpath and that the policy or custom resulted in the alleged constitutional violation(s). *See Natale*, 318 F.3d at 583-84 (citing *Bd. of Cnty. Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997)). "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009); *see also Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) ("a plaintiff presenting an unconstitutional policy must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject"). Once a policy or custom is identified, a plaintiff must also allege facts stating a plausible connection between the policy and the alleged constitutional harm. *See Palakovic v. Wetzel*, 854 F.3d 209, 232 (3d Cir. 2017) ('To

state a claim against a private corporation providing medical services under contract with a

state prison system, a plaintiff must allege a policy or custom that resulted in the alleged

constitutional violations at issue."). Alternatively, a plaintiff could state a *Monell* claim

against Wellpath by alleging a failure to supervise, train, or discipline, and must provide

facts showing that the failure amounts to deliberate indifference to the constitutional rights of

those affected. *Forrest*, 930 F.3d at 106.

In sum, to proceed under § 1983 against Wellpath, Lyons must provide facts

showing: (1) that he was denied medical attention as a result of a specific policy or custom

of Wellpath, or (2) that he was denied medical attention due to Wellpath's failures to train,

supervise, or discipline medical staff members.

Lyons has not stated a claim against C.O. Rasheed, C.O. Bird, and Wellpath and the

claims against them must be dismissed. However, Lyons will be granted the option of filing

an amended complaint to attempt to cure the defects discussed above.

B.     Claims Against Counselor Zoltewiscz and Parole Agent Dilitz

"A defendant in a civil rights action must have personal involvement in the alleged

wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual

liability can be imposed under § 1983 only if the state actor played an "affirmative part" in

the alleged misconduct and "cannot be predicated solely on the operation of respondeat

superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode*, 845 F.2d at

1207). Such allegations, however, must be made with appropriate particularity in that a

8

complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08.  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  *Rode*, 845 F.2d at 1208.  A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred.  *Id.* at 1207.

Lyons alleges that Defendant Zoltewiscz "should not be working as a counselor or in the state correction institute due to foul mouth[,] ignorance towards people, discussing inmates['] charges…[and] also violating state trust & confidentiality agreement." (*Id.* at 7).  This general and conclusory allegation is insufficient to establish that Defendant Zoltewiscz was personally involved in the alleged denial of Lyons' rights.  To the extent that Lyons seeks to hold Defendant Zoltewiscz liable based on his supervisory role, this claim also fails.  It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  *See Rode*, 845 F.2d at 1207.  Accordingly, insofar as Lyons' claims against Defendant Zoltewiscz rely on a *respondeat superior* theory of liability, these claims are also subject to dismissal.

With respect to Parole Agent Dilitz, Lyons alleges that he "intentionally withheld paperwork from the parole board…to increase [his] stay and not get a favorable decision from the parole board." (Doc. 1, at 7).  To the extent that Lyons seeks to be released on

9

parole, the Constitution does not by itself give a convict a liberty interest in parole protected

by the Fourteenth Amendment. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979);

*Thorpe v. Gillo*, 80 F. App'x 215, 219 (3d Cir. 2003) (nonprecedential). While the states

may create a liberty interest under the Fourteenth Amendment, the Pennsylvania parole

statute does not create a liberty interest in the right to be paroled. *Burkett v. Love*, 89 F.3d

135, 139 (3d Cir. 1996); *Rodgers v. Parole Agent SCI-Frackville, Wech*, 916 F. Supp 474,

476-77 (E.D. Pa. 1996). The Parole Board has complete discretion to grant or deny parole,

without constraint from any particularized substantive predicates. *See* 61 Pa. C.S. § 6137.

Furthermore, Lyons has been released from custody and any challenge to a parole decision

would be moot.[1]

C.    Claims Against Nurse Abeil

Nurse Abeil appears to be the only proper party in this action. Lyons alleges that

Defendant Abeil denied him medical care, in violation of the Eighth Amendment. (Doc. 1, at

5-6).

---

[1]    It is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Although a writ of habeas corpus is not explicitly raised in Lyons' filings, to the extent that he sought release, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his confinement under section 2254. 28 U.S.C. § 2254. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser*, 411 U.S. at 499 (determining that challenges to the fact or duration of physical confinement, or seeking an immediate or speedier release from that confinement is the heart of habeas corpus); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (holding, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate").

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To succeed on such a claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). For purposes of initial review, the Court will assume that Lyons' right foot ailment meets the criteria for an objectively serious medical need.

Lyons has alleged that Defendant Abeil confiscated his medical boot and provided him with a different boot. (Doc. 1, at 5). He also alleges that Defendant Abeil refused to treat him. (*Id.*). Thus, these allegations may support a claim that Defendant Abeil deliberately ignored or denied treatment. Therefore, this claim is sufficient to proceed.

However, rather than dismiss portions of the original complaint, the Court will grant Lyons leave to file one all-inclusive complaint. The Court finds that it will be more efficient to allow Lyons to file one all-inclusive complaint, instead of allowing him to add to his complaint in a piecemeal fashion.

D.    Claims for Declaratory and Injunctive Relief

The case or controversy requirement of Article III, § 2 of the United States

Constitution subsists through all stages of federal judicial proceedings.  Parties must

continue to have a "personal stake in the outcome of the lawsuit."  *Lewis v. Continental*

*Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

The mootness doctrine recognizes that "[i]f developments occur during the course of

adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a

court from being able to grant the requested relief, the case must be dismissed as moot."

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).  An inmate's

transfer from the facility complained of generally moots the equitable and declaratory

claims.  *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *see Griffin v. Beard*, 401

F. App'x 715 (3d Cir. 2010) (transfer from SCI-Huntingdon renders inmate injunctive relief

claim moot).

Lyons is no longer housed at SCI-Dallas.  In light of Lyons' release from custody,

any requests for injunctive and declaratory relief in relation to SCI-Dallas (*see* Doc. 1, at 6),

are now moot.

IV.    Conclusion

Consistent with the foregoing, the Court will grant Lyons leave to proceed *in forma*

*pauperis* and will dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  The Court will allow Lyons leave to file one all-inclusive amended

complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June ⟋20⟍, 2025