# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LYONS,                    :         Civil No. 3:25-cv-993
                                  :
          Plaintiff               :         (Judge Mariani)
                                  :
     v.                           :
                                  :
T. ZOLTEWICSZ, *et al.*,          :
                                  :
          Defendants              :

## MEMORANDUM

On May 29, 2025,[1] while Plaintiff Michael Lyons ("Lyons") was in the custody of the

Pennsylvania Department of Corrections and incarcerated at the State Correctional

Institution in Dallas, Pennsylvania ("SCI-Dallas"), he commenced the above-captioned

action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983.[2]  (Doc. 1).  Pursuant to the

Prison Litigation Reform Act of 1995 ("PLRA"),[3] the Court previously screened and

dismissed Lyons' original complaint for failure to state a claim upon which relief may be

---

[1]    Lyons' complaint was docketed on June 3, 2025.  However, it is dated May 29, 2025, and, thus, is deemed filed as of that date.  *See Pabon v. Mahanoy*, 654 F.3d 385, 391 (3d Cir. 2011) (stating that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing) (citing *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)).

[2]    Lyons has been released from custody.

[3]    The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996). As provided for in 28 U.S.C. § 1915A, federal district courts must "review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  If the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  *See* 28 U.S.C. § 1915A(b)(1).

granted.  (Docs. 8, 9).  The Court afforded Lyons leave, however, to file an amended

complaint.  (Docs. 8, 9, 15).

On July 28, 2025, Lyons filed his amended complaint.  (Doc. 16).  Pursuant to the

PLRA, the Court has once again performed its mandatory screening of Lyons' pleading.  For

the reasons set forth below, the Court will dismiss the amended complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) and will grant Lyons a final opportunity to amend his claims.

## I.    Standards of Review

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).

This initial screening is to be done as soon as practicable and need not await service of

process.  *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the

standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL

3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a

complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or §

1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa.

2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs

the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)");

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil

Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The

plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"factual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

3

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to

determine the sufficiency of a complaint: First, the court must take note of the elements a

plaintiff must plead to state a claim.  Second, the court should identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth.

Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment

4

would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Lyons proceeds *pro se*, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    The Amended Complaint

Lyons filed his amended complaint pursuant to 42 U.S.C. 1983, and also attempts to set forth a claim pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 16). The amended complaint names the following Defendants: Counselor T. Zoltewicsz, Parole Agent M. Diltz, Correctional Officer Bird, Correctional Officer Rasheed, and SCI-Dallas. (*Id.*).

Lyons alleges that Defendant Zoltewicsz discussed his criminal case with other inmates, which placed him in harm's way and violated "professional ethics, privacy laws [ ] inmate rights, [and] [ ] [ ] confidentiality." (*Id.* at 1). Lyons asserts that this "breach of duty" caused him physical and psychological harm and distress. (*Id.*).

Lyons alleges that Defendant Diltz "with[held] paperwork and information from the parole board[,]" ultimately causing him to serve 24 months of his 14-28-month sentence. (*Id.* at 2).

5

Lyons contends that Defendants Zoltewicsz and Diltz should be "reprimanded and held accountable for their actions." (*Id.*). He also seeks monetary relief. (*Id.*).

Next, Lyons alleges that Defendants Bird and Rasheed violated his Eighth Amendment rights by placing him in the top tier of the unit, when he "should [ ] [have been] on the bottom tier bottom bunk." (*Id.* at 3). He further asserts that Defendant Rasheed failed to protect him from harm. (*Id.* at 3-4).

Finally, Lyons brings claims against SCI-Dallas under a respondeat superior theory of liability. (*Id.* at 1-2, 4).

## III.    Discussion

### A.    FTCA Claim

Lyons seeks to bring a claim pursuant to the FTCA. (Doc. 16). However, at all relevant times, Lyons was a state inmate in the custody of the Pennsylvania Department of Corrections. The FTCA grants jurisdiction to the federal courts to hear suits against the United States government for torts committed by its employees while in the scope of their employment. *See* 28 U.S.C. § 2675(a). Thus, under the FTCA, federal inmates may sue the United States for injuries sustained while incarcerated. *See* 28 U.S.C. § 2674. Lyons may not proceed under the FTCA as he was not a federal inmate during the events giving rise to his claims. The Court will dismiss the FTCA claim with prejudice.

### B.  Claims against SCI-Dallas

With respect to Lyons' purported constitutional claims against SCI-Dallas as an

institution, it is well-settled that inmate civil rights actions under § 1983 may be brought

against:

> Every *person* who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws [of the United States].

42 U.S.C. § 1983 (emphasis added).  Thus, by its terms § 1983 limits the scope of liability to

specific persons or entities who violate constitutional rights, and it has been held that a

prison or correctional facility is not a "person" within the meaning of § 1983.  *Fischer v.

Cahill*, 474 F.2d 991, 992 (3d Cir. 1973).  SCI-Dallas is not a proper Defendant in this case

and will be dismissed.

### C.  Claims Against Counselor Zoltewicsz

Lyons alleges that Defendant Zoltewicsz discussed his criminal case with other

inmates, which placed him in harm's way and violated "professional ethics, privacy laws [ ]

inmate rights, [and] [ ] [ ] confidentiality."  (Doc. 16, at 1).  Lyons asserts that this "breach of

duty" caused him physical and psychological harm and distress.  (*Id.*).

The amended complaint is devoid of any specific alleged harm that Lyons suffered

as a result of Defendant Zoltewicsz's alleged acts.  It is well-established that "[w]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted). A complaint must contain "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* at 210 (citing *Twombly*, 550 U.S. at 555). Lyons' amended complaint asserts nothing more than a general allegation that Defendant Zoltewiscz participated in discussions about his underlying criminal case. Lyons does not allege how and when he was affected by Defendant Zoltewicsz's alleged discussion of his criminal case—other than his general and unsupported claim that he suffered "harm." (Doc. 16, at 1). The Court will dismiss this claim and grant Lyons another chance to remedy this claim.

      D.    <u>Claims Against Parole Agent Diltz</u>

Lyons next alleges that Defendant Diltz "with[held] paperwork and information from the parole board[,]" ultimately causing him to serve 24 months of his 14-28-month sentence. (Doc. 16, at 2). Lyons does not allege that he was held beyond his maximum sentence date. (*Id.*). Instead, he takes issue with the fact that he was not paroled on his minimum sentence date. (*Id.*).

The Fourteenth Amendment of the United States Constitution provides that an individual should not be deprived of his or her liberty interest without due process of law. *See* U.S. CONST. amend. XIV, § 1. However, the Fourteenth Amendment does not provide that every prisoner has a right to be paroled, or that *any* expectation of parole is a constitutionally protected liberty interest. *See Greenholtz v. Inmates of Nebraska Penal and*

*Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a

convicted person to be conditionally released before the expiration of a valid sentence");

*see also Board of Pardons v. Allen*, 482 U.S. 369, 373 (presence of parole system alone is

not enough to create constitutionally protected liberty interest in parole). While the states

may create a liberty interest under the Fourteenth Amendment, the Pennsylvania parole

statute does not create a liberty interest in the right to be paroled. *Burkett v. Love*, 89 F.3d

135, 139 (3d Cir. 1996); *Rodgers v. Parole Agent SCI-Frackville, Wech*, 916 F. Supp 474,

476-77 (E.D. Pa. 1996). The Parole Board has complete discretion to grant or deny parole,

without constraint from any particularized substantive predicates. *See* 61 Pa. C.S. § 6137.

Because a prisoner has no right to be released before the expiration of a valid

sentence arising under either the Constitution itself or Pennsylvania law, this claim must be

dismissed with prejudice. *See Greenholtz*, 442 U.S. at 7; *Tubbs v. Pennsylvania Bd. of

Probation and Parole*, 620 A.2d at 584, 586 (Pa. Cmwlth. 1993) ("it is well-settled under

Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being

released from confinement prior to the expiration of his sentenced maximum term").

E.    Claims Against C.O. Bird and C.O. Rasheed

Lyons alleges that Defendants Bird and Rasheed violated his Eighth Amendment

rights by housing him on the top tier despite being classified as a bottom tier bottom bunk

inmate. (Doc. 16, at 3-4). The Court understands the amended complaint as asserting a

claim of deliberate indifference to the conditions of confinement. In order to state such a

9

claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). More specifically, to satisfy this requirement: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" in that the "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) subjectively, the prison official must have had a "sufficiently culpable state of mind" manifesting "deliberate indifference" to the inmate's health or safety. *Id.* (citations omitted).

In this case, Lyons merely alleges that he "should [ ] [have been] on the bottom tier bottom bunk." (Doc. 16, at 3). Lyons does not set forth any allegations that Defendants Bird or Rasheed, as non-medical officers, had any involvement in determining the appropriate housing assignment for him. The Court finds that Lyons has not supported this claim with any well-pleaded facts. Accordingly, Lyons has not stated a claim of deliberate indifference to his conditions of confinement as to Defendants Bird and Rasheed. Lyons will be granted leave to amend this claim.

Lyons also asserts a claim under the Eighth Amendment based upon Defendant Rasheed's alleged failure to protect Lyons from harm. (Doc. 16, at 3-4). "[P]rison officials have a duty…to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (quotation marks and citation omitted). There is a two-prong test for a failure-to-protect claim. The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners, *see Wharton v. Danberg*, 854 F.3d 234, 241 (3d Cir. 2017), and,

as stated above, it includes both an objective and subjective component, *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Under the objective component, the Court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson*, 501 U.S. at 298).  Under the subjective component, the individual or individuals that caused the deprivation must have acted with "a sufficiently culpable state of mind" (i.e., deliberate indifference). *See Wilson*, 501 U.S. at 298; *see also Farmer*, 511 U.S. at 834 (stating that, under this subjective component, the requisite state of mind for failure to prevent harm "is one of deliberate indifference to inmate health or safety" (citation and internal citation marks omitted)).

Threats of harm from other inmates can satisfy the first prong of a substantial risk of serious harm.  *See Bistrian v. Levi*, 696 F.3d 352, 369-70 (3d Cir. 2012).  But, in showing a substantial risk of serious harm based on threats, a plaintiff must allege more than "an out-of-the-blue and unadorned 'I'm-in-trouble' entreaty," *id.*, that may be designed to "feign…fear of physical harm simply to manipulate a transfer," *id.* at 369 (quotation marks and citation omitted).

Here, Lyons does not allege that he was subjected to a substantial risk of serious harm.  Lyons only alleges that an unnamed inmate threatened him.  (Doc. 16, at 3-4). Lyons alleges that Defendant Rasheed was made aware of the threats but did not act in response.  (*Id.*).  Because Lyons avers no more than a general fear created by unspecific

threats, he has not shown that he was subjected to a substantial risk of serious harm, and

his claim thus fails. Lyons does not provide any additional facts that give credence to the

threats, such as that the other inmate had violent tendencies or that Lyons had a prior

history of conflict with the inmate. Absent more facts, Lyons has not shown that he was

subjected to a substantial risk of serious harm. Therefore, his failure-to-protect claim will be

dismissed.[4] The Court will grant Lyons the opportunity to plausibly reassert this claim in a

second amended complaint.

## IV.   Leave to Amend

A plaintiff should generally be granted leave to amend before a Court dismisses a

claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d

Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted

liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision

on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation

marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad

faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, [or] futility of the amendment[.]" *Id.* The Court may also deny

---

[4]    Because Lyons' claim fails to meet the first prong of a failure-to-protect claim, the Court need not address whether Lyons establishes the second prong by showing Defendant Rasheed was deliberately indifferent to a substantial risk of serious harm. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020).

leave to amend where the proposed amendment would be futile—that is, where the

pleading, "as amended, would fail to state a claim upon which relief could be granted." *In re*

*NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation

marks omitted).

      In accordance with this standard, the Court cannot say that granting Lyons leave to

amend his claims against Defendants Zoltewicsz, Bird, and Rasheed would be futile and,

thus, the Court will grant Lyons leave to file a second amended complaint in order to

attempt to cure the deficiencies identified above. Lyons is advised that the second

amended complaint must be complete in all respects. It must be a new pleading that stands

by itself without reference to the original complaint, the amended complaint, or any other

document already filed. The second amended complaint shall set forth the claims in short,

concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.

Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

      However, with respect to Lyons' claims against SCI-Dallas, Defendant Diltz, and the

FTCA claim, the Court concludes that granting Lyons any further leave to amend would be

futile. Accordingly, the claims against SCI-Dallas, Defendant Diltz, and the FTCA claim will

be dismissed with prejudice.

## V.    Conclusion

Consistent with the foregoing, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will grant Lyons a final opportunity to amend his pleading.

A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: July _____, 2025